# In the United States Court of Federal Claims

DONOVAN WIGGINS,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

No. 22-1459
(Filed: January 24, 2023)

---

*Donovan Wiggins*, Homer, LA, *pro se.*

*Emma E. Bond*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge.*

    Before this Court is Defendant's Motion to Dismiss. Plaintiff,[1] Donovan Wiggins, is incarcerated in federal prison and alleges that the Social Security Act ("SSA"), 42 U.S.C. § 402(x), is unconstitutionally applied to him. Because this Court does not have jurisdiction over the SSA, the Complaint is **DISMISSED** for lack of jurisdiction.

**I.    Background**

    Plaintiff is incarcerated at the David Wade Correctional Facility in Louisiana. Compl. at 8, Dkt No. 1. Plaintiff alleges that he is "unconstitutionally barred" from receiving Social Security payments pursuant to § 402(x) of the SSA, Compl. at 2, which limits such payments to "prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees." 42 U.S.C. § 402(x).

    Plaintiff filed suit in this Court on October 3, 2022. In his Complaint, he alleges that § 402(x) of the SSA unlawfully deprived him of "old-age and/or survivors benefits." *See* Compl. at 2. Plaintiff claims that § 402(x) is facially unconstitutional as applied, *id.* at 1, and denies him

---

[1] Originally, the Complaint was filed by both Donovan Wiggins and Charles Kenneth Wallace. The latter was removed from this case pursuant to 28 U.S.C. § 1915(g) for his failure to pay the filing fee. Order, Dkt. No. 9 (dismissing without prejudice Wallace's claims pursuant to Rule 41(b)).

Social Security "benefits without protections of Due Process [or] Equal Protection by state law," *id.* at 6.

Plaintiff also argues that his convictions are invalid and, thus, should not trigger § 402(x) restrictions. *Id.* at 1. He seeks relief including damages in the amount of $2,000,000, certification of his case as a class action, appointment of class counsel, fees, and costs. *Id.* at 7–8.

## II.   Jurisdiction

The Tucker Act itself does not create a cause of action. "[T]he plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Plaintiffs have the "burden of establishing jurisdiction by a preponderance of the evidence." *Curry v. United States*, 787 Fed. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). While courts interpret *pro se* filings leniently, such plaintiffs must still show jurisdiction. *See Curry*, 787 Fed. App'x at 722.

### A.   Social Security Act Claims

This Court does not have jurisdiction over Plaintiff's claims under the SSA. *Hester v. United States*, 136 Fed. Cl. 623, 627 (2018). Section 405(g) of the SSA grants exclusive jurisdiction over benefit actions to federal district court. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision . . . in the district court of the United States."). The Court of Federal Claims is not a United States district court. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[T]he Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits, even considering appellant's assertions that he is entitled to relief under the Constitution."); *see also* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency" except for what is outlined in § 405(g).).

### B.   Criminal Claims

This Court also lacks jurisdiction over Plaintiff's criminal claims. Plaintiff asserts that his "alleged convictions [are] preempted in [Louisiana/Oregon]." Compl. at 1. This Court is "a court of specific civil jurisdiction" and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Jurisdiction is similarly lacking to "entertain collateral attacks on decisions of other courts." *Kennedy v. United States*, 138 Fed. Cl. 611, 619 (2018).

## III.   Transfer

Transfer to a district court is not an alternative. Courts may transfer cases "when three elements are met: (1) [t]he transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." *Brown v. United States*, 74 Fed. Cl. 546, 550 (2006). Nothing in the Complaint

suggests Plaintiff received a final determination from the Social Security Administration. Absent such a determination, transfer fails under the second element: Section 405(g) requires exhaustion of administrative remedies prior to filing in district court. *Accord RICU LLC v. United States Dep't of Health & Hum. Servs.*, 22 F.4th 1031, 1036 (D.C. Cir. 2022) ("Sections 405(g) and (h) effectively preclude the exercise of district court jurisdiction in the absence of presentment of a concrete dispute, regardless of the nature of the claim at issue.").

## IV. Conclusion

For these reasons, the Court **DISMISSES** the Complaint for lack of jurisdiction. Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED** as moot. Plaintiff's Motion for Leave to Proceed In Forma Pauperis is **GRANTED**.

**IT IS SO ORDERED.**

                                                              s/ Carolyn N. Lerner
                                                            CAROLYN N. LERNER
                                                            Judge